**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENNIFER A. GATES, | No. 13-55214 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00804-FFM |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Frederick Mumm, District Judge, Presiding

Submitted October 20, 2015[**]
Pasadena, California

Before: IKUTA and OWENS, Circuit Judges, and SESSIONS,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

Plaintiff Jennifer Gates appeals from the district court's judgment reversing in part the Commissioner of the Social Security Administration's denial of benefits. The district court affirmed the ruling of the Administrative Law Judge (ALJ) in part, and remanded a portion of Gates's claim for further proceedings. Gates appeals the district court's decision affirming the ALJ. Having jurisdiction under 28 U.S.C. § 1291, we review de novo, *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014), and affirm.

Gates alleges disability due to, among other things, fibromyalgia and depression. The ALJ denied her claim for supplemental security income, and Gates sought judicial review in the district court. The district court remanded for further consideration of an examining psychologist's findings, but declined to remand with regard to the conclusions of a rheumatologist, Dr. Franklin Kozin. Dr. Kozin's opinions were largely based upon Gates's self-reporting, and the ALJ concluded that Gates was not credible. Gates appeals this latter portion of the district court's ruling.

The district court concluded that in the proceedings before it, Gates had not challenged the ALJ's credibility determination. The district court further found that the credibility determination supported the ALJ's rejection of Dr. Kozin's findings. On appeal, the Commissioner argues that because the credibility issue

2

was not raised before the district court, it has been waived.

While Gates concedes that her argument before the district court was "inartful," she submits that the issue is not waived. Even assuming Gates sufficiently raised the issue to the district court, the ALJ gave specific, cogent reasons for his adverse credibility determination. The ALJ determined that Gates's lack of muscle atrophy was incompatible with her claimed level of inactivity, and thus her "subjective complaints and alleged limitations are out of proportion to the objective findings," given that Dr. Taylor's assessment of Gates's lack of muscle atrophy directly contradicted her assertion of how much she moved on a daily basis. Therefore, to the extent any limitations identified by Dr. Kozin were based on Gates's subjective complaints, the ALJ did not err in rejecting them. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**AFFIRMED**.